1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

J. BENJAMIN ODOMS,                          )
                                            )
              Plaintiff,                     )
                                            )
        v.                                   )          3:14-cv-536-RCJ-VPC
                                            )
NEVADA STATE BOARD OF PRISON                )          **SCREENING ORDER**
COMMISSIONERS,                              )
                                            )
              Defendants.                    )
                                            )
_____

        Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*.  (ECF No. 1).  The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.      SCREENING STANDARD**

        Federal courts must conduct a preliminary screening on any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

        In addition to the screening requirements under § 1915A, pursuant to the Prison

1  Litigation Reform Act ("PLRA"), a federal court must dismiss a prisoner's claim if "the allegation
2  of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which
3  relief may be granted, or seeks monetary relief against a defendant who is immune from such
4  relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which
5  relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court
6  applies the same standard under § 1915 when reviewing the adequacy of a complaint or an
7  amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should
8  be given leave to amend the complaint with directions as to curing its deficiencies, unless it
9  is clear from the face of the complaint that the deficiencies could not be cured by amendment.
10  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

11  Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel
12  v. Lab. Corp. Of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a
13  claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the
14  claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.
15  1999). In making this determination, the court takes as true all allegations of material fact
16  stated in the complaint, and the court construes them in the light most favorable to the plaintiff.
17  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se*
18  complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See
19  Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not
20  require detailed factual allegations, a plaintiff must provide more than mere labels and
21  conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation
22  of the elements of a cause of action is insufficient. *Id.*

23  Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,
24  because they are no more than mere conclusions, are not entitled to the assumption of truth."
25  *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 679 (2009). "While legal conclusions can provide the
26  framework of a complaint, they must be supported with factual allegations." *Id.* "When there
27  are well-pleaded factual allegations, a court should assume their veracity and then determine
28  whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a

2

1    complaint states a plausible claim for relief . . . [is] a context-specific task that requires the

2    reviewing court to draw on its judicial experience and common sense." *Id.*

3        Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua*

4    *sponte* if the prisoner's claim lack an arguable basis either in law or in fact. This includes

5    claims based on legal conclusions that are untenable (e.g., claims against defendants who are

6    immune from suit or claims of infringement of a legal interest which clearly does not exist), as

7    well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).

8    *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d

9    795, 798 (9th Cir. 1991).

10   **II.    SCREENING OF AMENDED COMPLAINT**

11       In Plaintiff's amended complaint, he sues multiple defendants for events that took place

12   while Plaintiff was incarcerated at the Northern Nevada Correctional Center ("NNCC"). (ECF

13   No. 5 at 1). Plaintiff sues Defendants Director of the Nevada Department of Corrections James

14   Cox, NNCC Warden Isidro Baca, Assistant Warden Lisa Walsh, Law Library Supervisor

15   Pauline Simmons, and John and Jane Doe Law Library legal assistants. (*Id.* at 2-3). Plaintiff

16   alleges one count[1] and seeks monetary damages. (*Id.* at 9).

17       The amended complaint alleges the following: on August 6, 2012, Plaintiff, a general

18   population inmate, was denied access to the prison law library by policies and procedures

19   approved by Director of NDOC James Cox, Warden Isidro Baca, and Associate Warden Lisa

20   Walsh. (*Id.* at 3). Baca incorporated those policies into the level system and Walsh and Law

21   Library Supervisor Simmons enforced those policies. (*Id.*). Plaintiff alleges Defendants have

22   enacted and enforced unconstitutional policies and practices by denying him access to the law

23   library and providing inadequate assistance in preparing his civil rights claim (the original

24   complaint). (*Id.* at 4).

25       Plaintiff alleges the new policies cause the following problems: (1) Plaintiff is unable to

26   file legal paperwork in a timely fashion and satisfy deadlines of 10 or 15 days; (2) the law

27

28       [1]    Plaintiff separates his amended complaint into two counts, but alleges substantially the same
             facts and violations in both.

1   library has to approve all of his copy work and check "for NNCC lock-down and G.P." (*Id.* at

2   5); (3) no inmates assist Law Library Supervisor Simmons; (4) Plaintiff cannot find cases by

3   using a computer; (5) Plaintiff can only check out five cases; (6) one inmate clerk serves 364

4   inmates; (7) other inmates are able to read Plaintiff's documents; (8) legal mail usually suffers

5   a one to two day delay. (*Id.* at 5-6).

6         When Plaintiff was granted leave to file his amended complaint, he was notified that to

7   establish a violation of the right of access to the courts, a prisoner must establish that he or

8   she has suffered an actual injury. (ECF No. 3 at 4:13-14). A showing of actual injury is a

9   jurisdictional requirement that flows from the standing doctrine and may not be waived. *Lewis*

10   *v. Casey*, 518 U.S. 343, 349 (1977). As explained in the Court's previous order, an "actual

11   injury" is "actual prejudice with respect to contemplated or existing litigation, such as the

12   inability to meet a filing deadline or to present a claim." (*Id.* at 348). Plaintiff has not alleged

13   he suffered actual injury as the result of the new law library policy.

14         The Court cannot identify any actual injury alleged by Plaintiff. Plaintiff alleges he is

15   unable to file legal paperwork in a timely fashion and satisfy deadlines of 10 or 15 days. (ECF

16   No. 5 at 5). Plaintiff did not identify any contemplated or existing litigation, however, wherein

17   he suffered actual injury as the result of filing delays. Additionally, while Plaintiff alleges he

18   received inadequate assistance in perfecting his original civil rights complaint,[2] he has failed

19   to articulate the colorable claim for which he was denied relief or otherwise demonstrate actual

20   injury. As such, the Court dismisses Plaintiff's amended complaint with prejudice, as Plaintiff

21   failed to cure the deficiencies of the original complaint with his amended complaint. Further,

22   it does not appear from the Plaintiff's amended complaint that further amendment would cure

23   the stated deficiencies. Moreover, an appeal would not be taken in good faith and the Clerk

24   of the Court should enter judgment accordingly.

25

26   ///

27

28         [2]     ECF No. 5 at 4:7-8.

1    **III.    CONCLUSION**

2          For the foregoing reasons, IT IS ORDERED that the application to proceed *in forma*

3    *pauperis* (ECF No. 1) is DENIED as moot.

4          IT IS FURTHER ORDERED that the amended complaint is dismissed with prejudice

5    for failure to state a claim, as amendment would be futile.

6          IT IS FURTHER ORDERED that this Court certifies that any *in forma pauperis* appeal

7    from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

8          IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment

9    accordingly.

10

11          DATED:  This 24th day of September, 2015.

12

13    _____

14    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5